For the reasons stated in dissenting in Hill v. State,432 So.2d 427, 453 (Miss. 1983), and also adopting the views of Justice Robertson in his dissent in Leatherwood v. State,435 So.2d 645, 660 (Miss. 1983), I think the circuit judge erred in refusing to grant the instructions informing the jury it had the discretion to impose a life sentence upon Johnson, regardless of the evidence.
To me the jury system is sacred, a view apparently shared by the authors of our State Constitution, who wrote, "The right of trial by jury shall remain involate, . . ."[1] It is not rhetoric or oratory, at least to me, to assert there is more wisdom in juries than can ever be enunciated by judges.
We learned 100 years ago in this state, after at least 150 years' experience, that the jury should have the absolute right, and should be instructed by the Court that they and they alone had such right, to spare the defendant's life regardless of the evidence. See: Spain v. State, 59 Miss. 19 (1881).
We recognize that opinions from the U.S. Supreme Court, beginning in 1972, have drastically changed capital offense laws and procedures, but no U.S. Supreme Court decision has ever suggested this discretionary power be removed from the jury tospare the defendant's life. Rather, the channeling of the jury's discretion was to limit the circumstances under which it could impose the death penalty, not the reverse.
Yet, this Court has held the jury is not entitled to be instructed by the circuit judge that it has this sacred right.
In doing so we ignore history and human experience; we implicitly overrule Spain v. State. We denigrate the majesty of our jury system. I can only urge this Court some day to change the present majority holding. I hope circuit judges of this State will unanimously, as many already do, tell the jury as we said 100 years ago, they have the discretion, regardless of the evidence, to sentence the defendant to life imprisonment rather than death.
[1] Mississippi Constitution, Article 3, § 31.